IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 05 2021

JAMES W. McCORMACK, CLERK
By:_____
           DEP CLERK

**JANA O'DELL, Individually and on
Behalf of All Others Similarly Situated**                                           **PLAINTIFF**

vs.                              No. 4:21-cv-260-LPR

**QUALSCRIPT, LLC, GAYLE FAGGETTI
and PAT McCARVER**                                                                  **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jana O'Dell, individually and on behalf of all others similarly situated, by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendants Qualscript, LLC, Gayle Faggetti, and Pat McCarver (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty per week.

## II.   JURISDICTION AND VENUE

3.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.   This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.   Defendants conduct business within the State of Arkansas.

6.   Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7.   The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8.   Plaintiff is an individual and resident of Logan County.

9.   Separate Defendant Qualscript, LLC ("Qualscript"), is a domestic limited liability company.

10. Qualscript's registered agent for service of process is Gayle Faggetti at 335 Hogan Lane Street, Conway, Arkansas, 72034.

11. Separate Defendant Gayle Faggetti ("Faggetti) is an individual and resident of Arkansas.

12. Separate Defendant Pat McCarver ("McCarver") is an individual and resident of Arkansas.

13. Defendants, in the ordinary course of their business, maintain a website at http://qualscript.com/.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Faggetti is a principal, director, officer, and/or owner of Qualscript.

16. Faggetti took an active role in operating Qualscript and in the management thereof.

17. Faggetti, in her role as an operating employer of Qualscript, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Faggetti, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

19. Faggetti acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. McCarver is a principal, director, officer, and/or owner of Qualscript.

21. McCarver took an active role in operating Qualscript and in the management thereof.

22. McCarver, in her role as an operating employer of Qualscript, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

23. McCarver, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

24. McCarver acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

25. Qualscript acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

26. Defendants own and operate a medical transcription service in Conway.

27. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

28. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

29. Defendants are "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this

Complaint, Plaintiff's employers, as well as the employers of the members of the collective.

30. Plaintiff used instrumentalities of interstate commerce, almost constantly, such as the telephone and the internet in her work of transcribing medical notes, as well as to communicate with Defendant regarding her job duties and work schedule.

31. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers.

32. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

33. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

34. Plaintiff worked for Defendants as a medical transcriptionist since July of 2013 to the present.

35. At all relevant times herein, Defendants directly hired medical transcriptionists to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

36. Plaintiff's primary duty was to transcribe medical reports.

37. Other medical transcriptionists had the same or similar duties as Plaintiff.

38. Plaintiff was paid a piece rate of $0.05 for each line of transcription.

39. Defendants also employed other medical transcriptionists who were paid on a per-line basis.

40. Other medical transcriptionists were paid a similar rate as Plaintiff.

41. Plaintiff regularly worked over forty hours per week.

42. Plaintiff estimates she worked between forty and fifty hours each week.

43. Other medical transcriptionists also regularly worked more than forty hours per week.

44. At all times material herein, Plaintiff and other medical transcriptionist employees have been entitled to the rights, protections and benefits provided under the FLSA.

45. Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

46. Defendants also classified other medical transcriptionists as independent contractors.

47. Plaintiff and other medical transcriptionists did not financially invest in Defendants' business.

48. Defendants owned the Defendants' business.

49. Plaintiffs and other medical transcriptionists did not share in the profits or losses of the Defendants' business.

50. Defendants, not Plaintiff or other medical transcriptionists, set prices for medical transcription services.

51. Defendants determined Plaintiffs' and other medical transcriptionists' pay scale for services without input from or negotiation with Plaintiff and other medical transcriptionists.

52. Defendants, not Plaintiff or other medical transcriptionists, decided whether and how many medical transcriptionists to hire.

53. Plaintiffs and other medical transcriptionists were hired to work for Defendants for a continuous and ongoing period of time.

54. Plaintiffs and other medical transcriptionists did not select any employees for hire, nor did they have any ability to fire employees.

55. Plaintiffs and other medical transcriptionists did not have any control of or authority over any employee's rate of pay or working hours.

56. Defendants set the Defendants' business policies and rules and had complete control over the venue.

57. Defendants required Plaintiffs to follow Defendants' business policies and rules.

58. Defendants made decisions on advertising Defendant's business without Plaintiff's and other medical transcriptionists' input.

59. Defendants failed to pay Plaintiff the applicable minimum wage for hours worked up to 40 each week and failed to pay Plaintiff 1.5x her base hourly rate for each hour worked over 40 each week.

60. Upon information and belief, Defendants did not pay Plaintiff and other medical transcriptionists an hourly or salary rate.

61. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of a medical transcription service business.

62. Plaintiffs and other medical transcriptionists are entitled to wages and compensation based on the standard minimum wage for all hours worked.

63. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other medical transcriptionists violated the FLSA and AMWA.

64. Defendants did not pay Plaintiff or other medical transcriptionist employees an overtime premium for hours worked over forty per week.

65. Plaintiff regularly worked hours for which she was not paid.

66. Specifically, Plaintiff was not paid for time spent at the computer between finishing one transcription job and beginning the next.

67. Plaintiff was required to remain logged on and available for transcription between finishing one transcription job and beginning the next.

68. Upon information and belief, other medical transcriptionists were also required to remain logged in and available to provide transcription services between transcription assignments.

69. Upon information and belief, other medical transcriptionists were not paid for the time between transcription assignments.

70. The documentation that medical transcriptionist employees completed was time stamped.

71.     Defendants knew or should have known that Plaintiff and other medical transcriptionists were working additional hours off-the-clock for which they were not compensated.

72.     At all relevant times herein, Defendants have deprived Plaintiff and other medical transcriptionist employees of a lawful minimum wage for all hours worked and proper overtime compensation for all the hours worked over forty per week.

73.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

74.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as medical transcriptionists at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Lawful minimum wage for all hours worked;

B.     Overtime premiums for all hours worked for Defendants in excess of forty hours in any week;

C.     Liquidated damages; and

D.     Attorneys' fees.

75.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

76. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

77. Plaintiffs propose the following collective under the FLSA:

> **All medical transcriptionists who were paid on a piece-rate basis in the past three years.**

78. The proposed FLSA collective members are similarly situated in that they share these traits:

    A. They were paid on a piece-rate basis;

    B. They were not paid an overtime premium for all hours worked in excess of forty per week;

    C. They regularly worked more than forty hours per week; and

    D. They were subject to Defendants' common policy of requiring them to perform work off the clock.

79. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds six persons.

80. Defendants can readily identify the members of the Section 16(b) class, which encompasses all medical transcriptionists who worked within the relevant time period.

81. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as

soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

82. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

83. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

84. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

85. At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

86. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

87. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

88. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

89. Defendants failed to pay a lawful minimum wage for all hours worked.

90. Defendants knew or should have known that their actions violated the FLSA.

91. Defendants' failure to pay Plaintiff all overtime wages was willful.

92. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

93. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

94. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

95. At all relevant times, Defendants have been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

96. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

97. Defendants misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

98. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient minimum wage.

99. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

100. Defendants knew or should have known that their actions violated the FLSA.

101. Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

102. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

103. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

104. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

105. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

106. Defendants misclassified Plaintiff as exempt from the requirements of the AMWA.

107.  Defendants failed to pay Plaintiff a sufficient minimum wage.

108.  AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

109.  Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

110.  Defendants' failure to pay Plaintiff wages owed was willful.

111.  By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jana O'Dell, individually and on behalf all others similarly situated, respectfully prays as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA and their related regulations;

C.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E.   Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

F.   An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JANA O'DELL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ April Rhéuame
April Rhéuame
Ark. Bar No. 2015208
april@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANA O'DELL, Individually and on**                            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                       No. 4:21-cv-\_\_\_\_\_

**QUALSCRIPT, LLC, GAYLE FAGGETTI**                     **DEFENDANTS**
**and PAT McCARVER**

### CONSENT TO JOIN COLLECTIVE ACTION

       I was employed as a piece-rate transcriptionist for Qualscript, LLC, Gayle Faggetti and Pat McCarver within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

                                                         *Jana O'Dell*
                                            **JANA O'DELL**
                                            April 5, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**