IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANA O'DELL, Individually and on                                    PLAINTIFF
Behalf of All Others Similarly Situated

VS.                          NO. 4:21-CV-260-LPR

QUALSCRIPT, LLC, GAYLE FAGGETTI                              DEFENDANTS
and PAT McCARVER

## DEFENDANTS' MOTION FOR COSTS

Pursuant to Fed. R. Civ. P. 54(d)(1), defendants Qualscript, LLC, Gayle Fagetti, and Pat McCarver (collectively referred to as "defendants"), move for $1,756.30 in costs, and for grounds, state:

1. Plaintiff Jana O'Dell filed this action against defendants alleging that the defendants violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") by misclassifying O'Dell as an independent contractor. (Dkt. No. 1).

2. After serving written discovery, defense counsel deposed O'Dell[1], and plaintiff's counsel deposed defendant Gayle Faggetti, the defendants sought summary judgment on O'Dell's FLSA and AMWA claims due to her failure to meet her burden to plausibly plead and establish she was an "employee" for purposes of the wage and hour laws. (Dkt. No. 27).

---

[1] Ms. O'Dell was unable to appear for her deposition on the original date and time agreed to by counsel, and her counsel did not alert defense counsel about her inability to appear until the set time for the deposition. *See* Ex. 1 (Record of Nonappearance). As a result, defendants incurred costs associated with that day's proceedings.

3. Following extensive briefing and hearing during which extensive portions of the two depositions were used, the Court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants. (Dkt. Nos. 53, 54).

4. A prevailing defendant "should" be awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1). *See Lochridge v. Lindsey Management Co., Inc.*, 824 F.3d 780, 782−83 (8th Cir. 2016) (denial of costs after jury verdict in favor of defendant remanded; "It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful."). And by securing summary judgment defendants were clearly the "prevailing parties." *Singer v. Harris*, No. 4:15CV00408, 2017 WL 5054278, at *1 (E.D. Ark. Apr. 14, 2017) ("A prevailing party, for purposes of Rule 54(d), is a party in whose favor judgment is rendered. Traditionally, this means the party who won at trial, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded.") (quoting *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 153 F.R.D. 668−69 (D. Kan. 1994)).

5. As the prevailing parties, the defendants are entitled to costs they incurred conducting depositions during the case. *See* Fed. R. Civ. P. 54(d)(1) (listing "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" as taxable costs); *see also Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897–88 (8th Cir. 2009) (finding that taxation of costs includes costs for video

2867043-v1

depositions in addition to traditional stenographic depositions). The defendants' total costs amount to $1,756.30 in expenses related to conducting depositions, which have in fact been paid by defendants. *See* Ex. 2, Defendants' Itemized Bill of Costs, and Ex. 3, Court Reporter and Videographer Bills.

      6.      Therefore, defendants request that the Court award them $1,756.30 in costs.

      7.      In support of this motion, defendants rely upon the following:

    a. Ex. 1 – Record of Nonappearance;

    b. Ex. 2 – Defendants' Itemized Bill of Costs;

    c. Ex. 3 – Court Reporter and Videographer Bills; and

    d. The brief in support filed contemporaneously with this motion.

WHEREFORE, defendants Qualscript, LLC, Gayle Faggetti, and Pat McCarver pray that their motion for costs be granted, that this Court order plaintiff Jana O'Dell to pay the defendants' costs in the amount of $1,756.30 incurred during this matter pursuant to Fed. R. Civ. P. 54(d)(1), and for all other proper relief to which they are entitled.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:  wjackson@wlj.com
showlett@wlj.com

William Stuart Jackson (92189)
Shelby N. Howlett (2019234)

*Attorneys for Defendants*