IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANA O'DELL, Individually and on                                                                    PLAINTIFF
Behalf of All Others Similarly Situated

VS.                                        NO. 4:21-CV-260-LPR

QUALSCRIPT, LLC, GAYLE FAGGETTI                                                           DEFENDANTS
and PAT McCARVER

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR COSTS

### I. INTRODUCTION

Plaintiff Jana O'Dell filed this action against defendants QualScript, LLC, Gayle Faggetti, and Pat McCarver (collectively referred to as "defendants"), alleging that the defendants violated the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA") by misclassifying O'Dell as an independent contractor. (Dkt. No. 1).

The parties engaged in written discovery, the defendants' counsel took the deposition of plaintiff, and plaintiff's counsel took the deposition of Gayle Faggetti.[1] The defendants then moved for summary judgment on O'Dell's FLSA and AMWA claims due to her failure to meet her burden to plausibly plead and establish she was an "employee" for purposes of the wage and hour laws. (Dkt. No. 27). The Court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants. (Dkt. Nos. 53, 54). Accordingly, the defendants are entitled to

---

[1] Ms. O'Dell was unable to appear for her deposition on the original date and time agreed to by counsel, and her counsel did not alert defense counsel about her inability to appear until the set time for the deposition. See Ex. 1, Record of Nonappearance.

their costs as the prevailing party and now move for $1,756.30 in costs they incurred conducting depositions during the case. *See* Fed. R. Civ. P. 54(d)(1).

## II. ARGUMENT

A prevailing defendant "should" be awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1). *See Lochridge v. Lindsey Management Co., Inc.*, 824 F.3d 780, 782−83 (8th Cir. 2016) (denial of costs after jury verdict in favor of defendant remanded; "It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful."). In fact, as the Eighth Circuit pointed out in *Bathke v. Casey's General Stores*, Inc., 64 F.3d 340, 347 (8th Cir. 1995), [t]here is a *presumption* that the prevailing party is entitled to costs") (emphasis added).

A party who, like defendants did here, secures a summary judgment is a "prevailing party". *Singer v. Harris*, No. 4:15CV00408, 2017 WL 5054278, at *1 (E.D. Ark. Apr. 14, 2017) ("A prevailing party, for purposes of Rule 54(d), is a party in whose favor judgment is rendered. Traditionally, this means the party who won at trial, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded.") (quoting *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 153 F.R.D. 668−69 (D. Kan. 1994)). *See also Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) (grant of summary judgment on federal claims

was judgment in defendants' favor making defendants prevailing parties under Rule 54(d)(1)).

Taxable costs include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" Fed. R. Civ. P. 54(d)(1); *see also Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897–88 (8th Cir. 2009) (finding that taxation of costs includes costs for video depositions in addition to traditional stenographic depositions). For instance, on remand in *Lochridge*, the court awarded the defendant deposition costs of the plaintiffs and their trial witnesses as a result of defendant prevailing on the plaintiffs' FLSA claims following decertification of a conditionally-certified class. *See Lochridge v. Lindsey Management, Inc.*, Case No. 5:12-CV-5047, 2016 WL 6780330, at *4–5 (W.D. Ark. Nov. 15, 2016).

In the case at bar, the defendants incurred and paid $1,756.30 in expenses related to plaintiff Jana O'Dell and defendant Gayle Faggetti's depositions. *See* Ex. 2, Defendants' Itemized Bill of Costs and Ex. 3, Court Reporter and Videographer Bills. Those two depositions were necessary to defend the case and, in fact, were used in connection with the summary judgment motion. As such, the related deposition expenses are properly awardable as costs. *Bathke, supra,* at 347 ("court properly awarded costs of depositions offered to support successful motion for summary judgment). Accordingly, defendants are entitled to recover $1,756.30 in costs from plaintiff.

## III.  <u>CONCLUSION</u>

As the prevailing parties in this case, the Court should grant the defendants' motion for costs and order Jana O'Dell to reimburse them the costs incurred, in the amount of $1,756.30.

        Respectfully submitted,

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL:  wjackson@wlj.com
                       showlett@wlj.com

        William Stuart Jackson (92189)
        Shelby N. Howlett (2019234)

        *Attorneys for Defendants*