IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANA O'DELL, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                                    No. 4:21-cv-260-LPR


**QUALSCRIPT, LLC, GAYLE FAGGETTI,**                          **DEFENDANTS**
**and PAT MCCARVER**

## <u>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS</u>

### I.       INTRODUCTION

This Court should exercise its discretion to deny Defendants' Bill of Costs. Plaintiff Jana O'Dell brought good faith claims against Defendants under a remedial statute intended to protect workers from unfair and discriminatory employment conditions. It would frustrate the purposes of those statutes to burden Plaintiff with onerous costs for protesting her employment conditions. In the alternative, if the Court decides to tax costs against Plaintiff, the Court should examine Defendants' Bill of Costs and deny those costs that are unsupported by evidence and not taxable against the losing party.

### II.      LAW AND ARGUMENT

Under Rule 54(d) of the Federal Rules of Civil Procedure, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Lochridge v. Lindsey Mgmt. Co.,* 824 F.3d 780 (8th Cir. 2016) (quoting *Marx v. Gen. Revenue Corp*., 133 S. Ct. 1166, 1172-73 (2013)). There are many factors that a district court

**Page 1 of 3**
**Jana O'Dell, et al. v. Qualscript, LLC, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-260-LPR**
**Plaintiff's Objections to Defendants' Bill of Costs**

may take into account in deciding to deny costs under Rule 54(d)(1). These factors include: the losing party's limited financial resources; misconduct by the prevailing party; close and difficult legal issues presented; substantial benefit conferred to the public; the prevailing party's enormous financial resources; and the losing party's good faith in prosecuting the action. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668, at 234 (1998)).

The factors identified by the *Pacheco* court weigh strongly against taxing costs against Ms. O'Dell. First, there is no allegation that Ms. O'Dell brought her claims in bad faith, and aggrieved employees ought not be punished for bringing good faith claims against their employers. Second, ordering each party to bear its own costs would confer a substantial benefit on the public by enabling aggrieved employees to bring meritorious claims without fear of harsh consequences. *See*, *e.g.*, *Horsford v. Salvation Army*, 2002 U.S. Dist. LEXIS 18453, at *8 (S.D.N.Y. Sep. 30, 2002) ("It is indeed unfortunate that a non-profit organization like the Salvation Army must bear the economic burden of defending a case such as this. However, it would be equally unfortunate—and contrary to the purposes of Title VII—if fear of liability for attorneys' fees were to chill the assertion of civil rights claims.").

Third, there is a drastic and undisputed disparity between the parties' financial resources. Qualscript, LLC, has had an annual gross income of business done that is not less than $500,000 in each of the years preceding the filing of the Original Complaint. *See* ECF 1. Ms. O'Dell is just one of Defendants' many employees who felt wronged by the company. Fourth, though Ms. O'Dell eventually lost on summary

Page 2 of 3
Jana O'Dell, et al. v. Qualscript, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-260-LPR
Plaintiff's Objections to Defendants' Bill of Costs

judgment, her claim was disputed, significant discovery was performed over the course of several years, and the legal issues were closely contested. In fact, new legal ground was broken by this Court's Order granting summary judgment. As the Court identified before setting up a new rebuttable presumption for independent contractor cases, "the precise manner, scope, and contours of [the relevant] analysis have yet to crystallize." Order at ECF No. 53, p. 23. This is not the type of plainly non-meritorious claim that would justify the award of costs.

### III.    CONCLUSION

Because of the parties' disparate economic circumstances and because the nature of Ms. O'Dell's claims make taxation of costs against Ms. O'Dell's inappropriate, Defendants' Bill of Costs should be denied in its entirety.

Respectfully submitted,

**PLAINTIFF JANA O'DELL**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 3 of 3**
**Jana O'Dell, et al. v. Qualscript, LLC, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-260-LPR**
**Plaintiff's Objections to Defendants' Bill of Costs**